ROANE}, Judge,
Was of opinion, that the judgment of the District Court ought to be affirmed.
FLEMING, Judge.
There are two questions in this case. 1. Whether such a plea as this will abate a suit at all? And if so, 2, whether it could be pleaded after an office judgment?
With regard to the first question, it seems to me to stand precisely on the same ground, as if the administration, with the will annexed, had been granted to some other person; and in that case, I think it clear that it would have abated the suit. Because in her .first character of general administratrix she was bound to administer and make distribution according to the directions of the statute; but when the will was annexed to the second administration it was necessary to conform to that, as far as the nature of things would admit of. In addition to which, the securities to the first administration would continue liable for the result of this suit, although the functions of the defendant, as general adminis-tratrix, had actually ceased. Which never could be right. I think, therefore, that there was such a change produced by the second administration, as ought to have abated a suit brought against the defendant under her first character. For as to the objection that the second administration was granted by a concurrent court, there is no weight in it. Because the probat of the will ip.so facto repealed it; and the act of Assembly directs, that if, after administration has been granted, any will shall be produced, and proved by the executors, or the wife or other distributee, who shall not have before refused, shall apply for the administration, the same shall be granted, in like manner as if the former had not been obtained.
*So that the second administration with the will annexed was a complete supersedeas to the first, by the necessary construction of the act of Assembly. Under every view of the case therefore I think the matter was sufficient to abate the suit.
But as it happened after the office judgment and before the end of the succeeding Quarterly Court, it could only be pleaded in the form of a plea puis darrein continuance. For, as it did not exist at the time of the office judgment, it could not then be pleaded; and of course, unless it could be pleaded in this form, it could not be taken advantage of any how; although we have seen that such matter would abate'the suit.
Upon the whole I think the judgment of the County Court was right; and consequently that the judgment of the District Court was erroneous, and ought to be reversed, and that of the County Court affirmed.
CARRINGTON, Judge.
It has been rightly stated that there are two questions in this case.
1. Whether a plea, in abatement could be received after an office judgment and before the last day of the succeeding Quarterly Court, so as to abate the suit and put the plaintiff to a new action?
2. Whether the plea, tendered in York court, was such a plea as ought to have been received to abate-the suit at that stage of the proceedings?
As to the first,
I am clearly of opinion that a suit is abateable at that stage of the proceedings; because the suit was pending until the last day of the succeeding quarterly term. At which time there must lie a plaintiff and defendant in existence; that is to say, the original plaintiff and defendant in their primary characters must still exist, or the judgment cannot be confirmed, and execution had.
*247 *Suppose a feme sole brings a suit, and afterwards marries between the judgment at the rules and the end of the succeeding term, a plea to that effect would abate the suit; because there would then be no such person in existence as that named in the writ. So if either party dies, this fact may be plead in abatement, for the same reason.
Nothing therefore can be clearer in my judgment, than that a plea of matter of abatement happening between the day of the office judgment, and the last day of the succeeding quarterly term, may be plead.
Which brings me to the second question;
In this case at the time of the office judgment, Mrs. Hunt was defendant in her character of general administratrix; but, before the end of the next term, that character had ceased, and all her powers in that capacity were done away and destroyed by the production and proof of the will. So that she was no longer general administra-trix, but was then acting in a character correspondent to that of executrix, charged with the execution of the will, instead of the statutory administration: And the will might have contained a very different provision for the payment of debts, than that directed by law in the case of an intestacy.
Besides, upon all judgments an execution necessarily follows, or the judgment would be of no use to the plaintiff. Now, in the present case, if a judgment were rendered, how would the execution issue? Not against the estate in the hands of the general administratrix to be 'administered, because there would be no such character in existence, conversant in the administration. In such a case the officer would not and could not have obeyed the precept. Neither could it have issued against the estate, in her hands to be administered, as administratrix with the will annexed. Because the execution must have pursued the writ, *and the clerk neither would, or could have varied it from the terms of the record. The judgment therefore would have been wholly useless.
Under every point of view then, I think the proceedings of York court were correct, and that those of the District Court were erroneous. Of course I am of opinion that the latter should be reversed, and the former affirmed.
LYONS, Judge.
Concurred that the matter of the plea might be pleaded after the office judgment and before the end of the next term; and added that if an executor were confined to the strict words of. the act he might be ruined.
PENDLETON, President.
The first question is, whether under the act of Assembly, which annexes a condition that the defendant shall plead to issue immediately, an office judgment can be set aside upon a plea in abatement?
On this point, I am of opinion, that a plea in abatement may literally answer the description, as well as a plea in bar; and that the intention of the law was to leave a discretionary power, in the court, to stop all dilatory and frivolous pleas calculated for delay; but to admit all fair ones either in bar or abatement: and such have been the sentiments of this court on former occasions. In Downman v. Downman’s ex’rs, 1 Wash, the plea was of a former tender, of money generally, and not of paper whilst it was lawful money, as it should have been; but as the plea was not to be received without the money, and the defendant offered in support of the plea paper not then lawful money, it was the same as if he had offered leather or pebbles. On that account the court refused to receive the plea; which this court affirmed. In the case of Kilwick v. Maidman, 1 Burr. 59, the legal day of pleading was past, and no plea could be received, but by favour of the Judge; ■who had a right to impose his own terms, *and to judge, after-wards, whether his intention had been complied with.
But in the case now under consideration, the defendant at the proper time claimed a legal right, and was not asking a favour; .the cases are therefore perfectly distinguishable.
Every argument for receiving pleas in abatement in general, where they are fair, applies a fortiori to such as are of facts happening since the last continuance; as they could not have been pleaded at any prior day.
This plea was therefore properly admitted, by the County Court of York; and we come upon the demurrer to consider the second, question: which is, whether the matter pleaded abated the suit?
II. If the, administration with the will annexed had been granted to a third person, there could have been no doubt; since, her authority being at an end, all pending suits, against her as administratrix, must have ceased with it; but the difficulty arises from the second administration having been granted to herself; as she is to be still sued, although in a different character..
Does this make any essential difference? It was said, by the counsel, that she might still be declared against as general admin-istratrix, without adding the words, with the will annexed; and if he could have maintained that position, he probably would have succeeded; since a suit ought not to abate, when the same declaration may be filed in a new suit unless the cause of action arose after the suit was brought. No authority is produced; and upon principle, she ought to be declared against in her true character.
The grant of administration being founded on a supposition of intestacy, when a will appears the administration is void ab initio. Upon legal grounds, how far mesne acts are to be confirmed *need not now be considered, as not concerned in the present dispute: which is only how the creditors shall proceed against this administratrix? Every reflection on the law and reason of the case produces a conviction on my mind, that she ought to be sued in her new and real character.
She is a substitute for the executor; takes the same oath to perform the will; and gives the same bond with new security. By which the first sureties were discharged : But who might be still involved, if creditors might proceed upon that administration.
The result is, that the District Court *248 erred; Their judgment therefore is to be reversed, and that of the County Court affirmed.
On a subsequent day of the same term, Randolph for the appellee solicited another arg-ument of the cause; whereupon the judgment was set aside, and the cause continued until this term:
Wickham, for the appellant. Said he relied upon the arguments he had used, and the authorities he had cited at the former hearing, and hoped that they would be sufficient to reverse the judgment of the District Court.
Randolph, for the appellee. It is perfectly clear that the second administration produced no alteration in the condition of the defendant; because an administrator with the will annexed may make the same de-fences and do every thing which a mere administrator may do. The addition of the words with the will annexed are therefore immaterial, and surplusage. Accordingly' amongst all the books of entries no precedent is found, where the defendant is called administrator with the will annexed; neither Rastall or Lilly has such a form; although there are some, where the plaintiff is called so. Which perhaps is necessary'in order that he may shew his letters testamentary. There is a strong case in 11 Vin. 334, pi. 41, to shew that calling the defendant administrator *only is sufficient to cover the letters testamentary ;• and although, in Moor. 618, it was doubted, whether if the real administrator return during the pendency of a suit with., the administrator durante absentia, the suit shall abate, yet it was afterwards decided that it should not. Doctr. placit-andi, (new edition) 502. Which serves to shew the privity between the first and second administration: A point more fully illustrated in 3 Bulstrod. 112; in which Doddridge Justice relied, very .much, upon the distinction, between the case, where the administration comes- to the same person, and where it comes-to a different person. The 5 Vin. ab. 107, pi. 4, and the same book 119, are also strong, upon the general doctrine. The principle of the decision in Salk. 296, deserves to be considered ; and 6 Co. 19, has reasoning very applicable to this case, and strongly marking the privity betwixt the first and second administration. The situation of the securities to the first administration is not affected; especially with regard to creditors. Because the testator cannot vary the rights of creditors by his will. So that every fair transaction for the benefit of creditors done under the first administration will be justified and maintained'by the law: As therefore it is manifest that no injur3r can result to any person, the judgment of the District Court ought to be affirmed.
Wickham, in reply. The words with the will annexed were not conceived by the court at the last term to be immaterial and surplusage. It was said then, by Mr. Call, that the defendant pleading in abatement must give the plaintiff a better writ; and that could not be done here, because a suit against her as administratrix would be good now. But .the rule of law is not that the .defendant should give the plaintiff a better form of a writ, but merelj7 that he should give the plaintiff a better writ. Which the defendant did here; because a new writ against her after the second administration, when she became invested with the authority *of the will, was a better writ. It is clear law, and was fully proved by the authorities cited at the former argument, that the subsequent probat of a will rendered the prior administration void ab initio. Which expressly applies and shews that the functions of the administra-trix under the first letters were totally superseded; and of course that no suit could proceed against her. As to the argument, that there is no alteration of situation with respect to the creditors, because the testator cannot by his will vary their rights, the very same doctrine would apply to the case of every administration revoked by a subsequent qualification of an executor; and yet it never was contended but that the executor in that case might plead in abatement. And the rule is right too; because there may be special provisions under the will even with respect to creditors which the executor or administrator with the will annexed may be bound to observe. It is not enough for the appellees counsel to say he has not found a form of a declaration against an administrator with the will annexed; But he should shew, where it ever was decided, that it was unnecessary to add those words. As to II Vin. 334, pi. 41, it does not appear, when the exception was taken ; and perhaps it was after verdict. If Moor. 618 had been decided it would have had no influence; because it was the case of a rightful administration; and therefore not void ab initio as in this case. Doctr. plac. 502 admits of the same answer; and perhaps the law of that case may be doubted. What is said in 3 Bulstrod. 112, was mere conversation between the judges; the case was never determined; but was ultimately compromised. Besides, in that case, the sheriff had levied the money, and therefore owed it to the plaintiff. The case in 11 Vin. 107, pi. 4, was that of a rightful administration and therefore the second administration was only a continuance of the first: The same book 119, only proves that acts already performed by a rightful administrator remain good; *and the whole difference is between an administration rightfully or wrongfully granted. Salk. 296 only decides that the plea should have been in abatement instead of bar; and 6 Co. 19, was a case of a rightful administration; So that the subsequent administration, did not render it void ab initio, as the probat did here.
This doctrine is not attended with any inconvenience to administrators before probat; because they may recoup in damages, and thus are in no danger of suffering.
Randolph. The first administration was lawful by the act.of Assembly, and there-, fore all arguments, drawn from its being a wrongful administration, are irrelevant.
Wickham. The act of assembly makes no difference; it does not alter the common law and legalize mesne acts. Cowp. 371, has a case against an administrator with the will annexed; which shews the practice there,is to add those words. ■
*249 ROANE, Judge.
There are two questions in this ease 1. Whether, this action, against the appellee as administratrix, is abateable by pleading, at any time, her subsequent qualification as administratrix with the will annexed? 2. Whether a plea of this kind is admissible on setting aside an office judgment?
The first question is difficult, and I am not prepared to decide it: Indeed it is not necessary to be now decided; since I am clearly of opinion that the plea in question, be the other point as it may, was not a sufficient plea, at the time, and for the purpose for which it was offered.
The act establishing County Courts (Rev. Cod. page 95, (j 29) directs that where any final judgment shall be entered up in the office, against any defendant or defendants or their securities, or against any defendant or defendants and sheriff *or other officer by default, execution may issue thereon, after the next succeeding Quarterly Court, unless the same shall be set aside, during such Court, in like manner as office judgments in the District Courts may be set aside.
And by the District Court law (Rev. Cod. page 85, 1 29) every judgment entered in the office against a defendant and bail, or against a defendant and sheriff, shall be set aside, if the defendant at the succeeding court shall be allowed to appear without bail, put in good bail, being ruled so to do, or surrender himself in custody, and shall plead to issue immediately &c. Upon the construction of these two clauses, the decision of this question will depend.
By the first clause it is provided, that an execution may issue upon an office judgment, after the succeeding Quarterly Court, unless set aside during such Court. This proves that the office judgment is, in itself, a complete judgment, and that no subsequent act is necessary to perfect it; although the Court has power to revoke it, during the ensuing term, upon the terms prescribed by the act. One of which is that the defendant shall plead to issue immediately.
Keeping out of view, for the present, that the matter of abatement, now set up, happened after the office judgment, in the present case, and arguing as if it had happened before, would it have been pleadable in abatement, on setting aside the office judgment? This question will be solved, by considering the nature and effect of the plea. Its effect would be, not to try the right to the money claimed, by the plaintiff, in this action; not to put in issue the matter alleged in the declaration; finally not to make an end of the cause; but to delay the plaintiff, and, if found for the defendant, to turn the plaintiff round to bring another action against the same defendant, in another character.
*Upon principle, this would seem to be unreasonable, after . the defendant has lain by, and suffered the plaintiff to obtain a judgment in the office. It is the spirit of this principle which induces the English Courts to refuse to set aside a regular judgment, unless the defendant is to plead to the merits, and the plaintiff is not to lose a term, 2 Stra. 1242. It was the same principle which induced our legislature to enact, in the act constituting the High Court of Chancery, (Rev. Cod. page 72, § 29,) that “after answer filed, and no plea in abatement to the jurisdiction of the Court, no exception for want of jurisdiction shall ever after be made” &c.
But without citing particular instances, I may say in general, that the whole sysrem of pleading is founded upon a similar principle ; and as it were, upon a gradation in the dignity of defence; so that, by a resort to a defence of a higher nature, an inferior one is impliedly waived. I need not speak more particularly, upon this point, to the gentlemen of the bar. May not then, the provision of the act, upon setting aside office judgments, have been formed upon the spirit of the system of pleading; and by analogy to the reasonable principle above stated?
Thus much upon general reasoning; but to come to the clause In question. The terms are, that the defendant shall plead to issue immediately. Now the term immediately, of itself, seems strongly to imply, that the plea is not to be a dilatory one.
It is not now necessary to decide the precise extent of the terms pleading to issue. But they seem clearly to exclude a plea, which, so far from putting the plaintiffs allegations in issue, shews a reason why he ought not to be answered.
It is held in Kilwick v. Maidman, 1 Burr. 59, that when time is given to plead by a judges order (after , the proper term for pleading has expired) *on the usual terms of pleading issuably, that a plea of tender was issuable within the meaning of such order, but not a plea in abatement (notwithstanding in strictness it is issuable;) because it tended to delay the plaintiff. And, in 2 Burr. 782, Roster v. Snow, pleading issuably is held to mean such a plea, as the plaintiff may go to trial on: but in 1 Burr. 605, the defendant is confined to plead the general issue.
Resorting to these cases therefore, as a standard, a plea in abatement is excluded in the present case; and yet it is evident the terms of our act are stronger, in favour of such exclusion, than those of the Judges order, in the cases just mentioned. That I am warranted, in resorting to this standard, is evident from the case of Downman v. Downman’s ex’rs, 1 Wash. 26; where, upon the construction of this act, the court resorted to similar cases in order to prove, that a plea of tender was an issuable plea. It would seem too, that this construction, in the English books, would hold a fortiori in the present case, where judgment has been regularly obtained in the office.
I have so far considered this plea, as if the matter of the plea had arisen before the office judgment was confirmed: But, in fact, it arose afterwards; and the question is, whether that circumstance will alter the case? It certainly cannot, unless we make the time when the fact happened, and not the nature and effect of the plea, to be the criterion of its competency. In support of which, there is not, even a plausible reason growing out of the act of Assembly. Nor does the defence derive any aid from the *250 general doctrine of pleas puis darrein continuance.
For that doctrine relates to a stage of the cause prior to a judgment. Nay it is held that although such plea may be pleaded, after the jury have gone from the bar, yet it may not, after they have given a verdict. Bull. nis. pr. 310. And «again if a release be given, after the verdict and before the day in bank, the defendant cannot plead it (although in bar of the action;) because there is a verdict already given in the cause,' and upon another plea; and therefore the cause is determined. So that the defendant is put to his audita quasrela to prevent execution of -the judgment, 4 Bac. 143. These cases, giving to an office judgment the effect of a verdict only, seem analogous to that 'before us. The difficulty is, that the act of Assembly has authorized setting aside office judgments without assigning any reasons; but it can only be, on the terms prescribed by the act.
What I have here said does not appear to me to conflict with the decision of this court in the case of Downman v. Down-man’s ex’rs, 1 Washb. or any other which has come to my knowledge. Otherwise, the respect I hold for the authority of this court, and the better judgment of my brethren, would induce mé readiljr to acquiesce. I do not hold myself concluded by the decision in Downman v. Downman’s ex’rs; because the construction of the act, in that case, was not relative to a plea in abatement, but to a plea of tender; because too, no decision was given, even upon the plea of tender, but the cause was decided upon another point; and therefore I do not consider' it a binding authority in the present case.
Thus considering that decision, I have not estimated the doctrine there laid down; but hold myself free for the reasons about given, to deliver my sentiments on this question: And my conclusion is that the judgment of the District Court ought to be affirmed.
FLEMING, Judge.
I have heard nothing which induces me to change my former opinion; and therefore, I am still for reversing the judgment of the District Court, and affirming that of the County Court.
*CARRINGTON, Judge.
Having given my opinion fully, upon this case, at the former hearing, I shall at present take up little more of the time of the court, than merely to declare, that I have heard no argument to induce' me to alter that opinion.
The defendant had a day in court at the time of her plea, and it was proper then to receive it. Suppose either party had died, between the day of entering judgment, in the clerks office, and the next term of the court, this certainly would have abated the suit, and might have been taken advantage of by plea in abatement. Or if omitted, and a scire facias to revive were brought, the defendant might have shewn cause against its being revived. In the present case, , if the administratrix had been plaintiff in her first character, the defendant might have abated her suit; and, if she had obtained a judgment, she could not have taken out execution, after the establishment of the will. But if the suit would abate had she been plaintiff, it ought when she is defendant. This, being the case of an administration revoked by the subsequent probat of a will, is different from the case in 11 Vin. 119, cited for the appellee. An administrator covenants by his bond to surrender his letters of administration upon the appearance and establishment of a will. But, when ■ this authority is surrendered up and gone, he is no longer administrator, and suits, for, or against him, can have no further operation. I am therefore of opinion, as I was before, that the judgment of the District Court should be reversed; and that of the County Court affirmed.
LYONS, Judge.
The English authorities, upon the questions made in this cause, are not easily reconciled with each other: And therefore I had, at first sight, some doubts upon the subject.
They seem however to agree, that where there is an actual citation of the executor, all lawful «acts done by the administrator bind, 2 Wentw. off. ex. 140. And if so, our act of Assembly has removed the difficulty, by fixing a time for the executor to bring in the will; which is equal to an actual citation, as he is bound to know the law. He may afterwards bring in the will and prove it, but all lawful acts, done before by the administrator, bind as much here under our law, as in England after citation. The character of the defendant in this case may therefore be considered as changed, without any inconvenience resulting from it. Whereas a contrary doctrine might involve the first securities and create mischief.
But if her character be entirely changed, and the estate by operation of law transferred to her in her new character, it seems to- me that it must necessarily abate the suit; as a change of character, without any fault in the defendant, constantly has that effect. Thus all suits cease, when administration during minority ceases; and so do the actions against such administrator according to the rule in Pigots case, Brownhead v. Spencer, 2 Brownl. 247, 2 Wentw. 138. If the administration is repealed, the administrator cannot take out execution, because his title is taken away. Yelv. 82, 2 Wentw. 137. An executor cannot found an action on what he did as administrator, although he be the same person and might have released; for he ought not to have an action in this manner, Cro. Jac. 394, 5 Co. 933. These cases are in principle the same with that at bar, and therefore appear to me to decide the question.
It was objected that the plea should have been sooner filed. But to this I answer that the defendant had no day in Court, as the fact had happened since the last continuance as it were; and therefore was pleadable at that time.
For whenever the cause of abatement happens after the last continuance of the suit it may be plead in that manner; because the defendant has no day, in Court, to plead it in any other form: And the reason is the same, where the fact happens *251 after *the judgment in the clerks office; for the defendant should have an opportunity of shewing the change in his situation; but as this cannot be done, where it takes place after the judgment in the office, he should be allowed to do it af-terwards ; that is to say, before the end of the next term.
Upon the whole I think the judgment of the District Court should be reversed and that of the County Court affirmed.
PENDLETON, President.
I believe I said, upon the former argument, that all mesne acts of the administrator betwixt the date of his letters and the probat of the will were void. But I am now satisfied that I was mistaken in the position; and that our act of Assembly affirms all legal acts done by him during thac period. In other respects I am satisfied with my former opinion; and concur, with the three last judges, that the judgment of the District Court should be reversed and that of the County Court affirmed.
Judgment of the District Court reversed and that of the County Court affirmed.